IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


CHARLES BROOKS, JR.                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO.  2:04CV120KS-MTP

RICHARD STRINGER, SHERIFF OF MARION
COUNTY, JOE MINGO, WARDEN OF MARION-
WALTHALL CORRECTIONAL FACILITY, MARILYN
PAYNE, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES                                                            DEFENDANTS


## OPINION AND ORDER

This matter is before the court on a Motion to Strike Plaintiff's Second Supplemental

Disclosure and Untimely Discovery Responses (the "Motion to Strike Discovery") and a Motion

to Strike Affidavits of Anthony Jackson, Louis McClendon and Samuel Raiford (the "Motion to

Strike Affidavits") (collectively, the "Motions to Strike"), filed by defendants on December 15,

2006.  From its review of all matters made a part of the record as well as the motions and

responses, and thus being fully advised in the premises, the court finds that the Motion to Strike

Discovery should be granted and that the Motion to Strike Affidavits should be granted in part

and denied in part.

## FACTUAL BACKGROUND

On March 25, 2004, plaintiff Charles Brooks, Jr. Filed a Complaint in this matter, and

defendants were served in late March 2006.  On May 27, 2006, a Scheduling Order was entered

in this case which provided that all discovery was to be complete on or before November 20,

2006.  On October 6, 2006, defendants propounded Interrogatories and Requests for Production to the plaintiff.  On October 24, 2006, the day of a comprehensive discovery hearing in this case, plaintiff filed his mandatory disclosures.  At that hearing, the court extended the discovery deadline to December 1, 2006 and set the dispositive motion deadline at December 15, 2006.  Plaintiff subsequently made an *ore tenus* motion that the defendants be required to expedite their responses in order that plaintiff would have time to serve requests and review the responses.  The court granted plaintiff's request and applied its decision to all parties.

On October 25, 2006, plaintiff served Amended Disclosures to the defendants.  On October 31, 2006, plaintiff served his responses to defendants' discovery requests.  On November 10, 2006, defendants served an additional set of discovery requests on the plaintiff.  These responses were due on November 27, 2006, with three days allotted for mailing.  On November 14, 2006, plaintiff requested permission from the court to increase the number of depositions by each side.  The court denied this request, but clarified the number of depositions per side to be ten (10), the number specified on the original Case Management Order.  In its ruling, the court specifically reiterated that the discovery deadline was to remain at December 1, 2006.

On November 26, 2006, plaintiff served his responses to the Second Set of Requests for Production and Interrogatories and a set of Supplemental Disclosures.  On November 30 and December 1, 2006, multiple depositions were taken by the plaintiff pursuant to an original notice of deposition dated October 25, 2006 and subsequent revised notices dated November 26, 2006.  Plaintiff did not seek any additional extensions for discovery prior to the December 1, 2006 deadline.

Late in the evening on December 6, 2006, five days after the discovery period had

expired, plaintiff faxed Supplemental Answers and Objections to Defendants' Supplemental

Interrogatories , Supplemental Answers and Objections to Defendants' Supplemental Requests

for Production, and Second Supplemental Disclosure.  This Second Supplemental Disclosure

name fifteen (15) "more individuals who may have relevant information."  The Second

Supplemental Disclosure does not indicate what information any of the identified individuals

may possess.[1]  In addition, the Second Supplemental Disclosure identifies the production of tax

documents for "2001-1998 request pending" and "Plaintiff's medical records of treatment by Dr.

Brent and of his hospitalization."  These particular items were not produced by the end of the

discovery period, nor were they enclosed with the disclosure.[2]  The medical records were

received under separate cover directly from Dr. Brent's office after the expiration of  the

discovery period.    These supplemental disclosures also contain four affidavits of three

individuals not previously produced to defendants (and whose identities defendants contend were

not previously disclosed).

Defendants moved for summary judgment on December 15, 2006.  Also on December 15,

2006, defendants moved to strike the supplemental disclosures and discovery responses along

with the four affidavits.[3]   Trial in this matter is currently scheduled for March 12, 2007.

---

[1] In its opposition to the Motion to Strike Discovery, plaintiff asserts that the fifteen
individuals are "Correctional Deputies (CD) or otherwise appear to be associated with the
jail...Plaintiff expects they might be able to contribute information about jail violence."

[2] On December 1, 2006, plaintiff's counsel advised defendants' counsel that he had not
yet even sought copies of the state or federal tax returns from the state or federal government.

[3] By order dated December 21, 2006, this court granted plaintiff an extension of the time
to respond to the Motion for Summary Judgment until January 12, 2007, so that the court could

ANALYSIS

Rule 26(a)(1) of the Federal Rules of Civil Procedure mandates the disclosure, *inter alia*, of all individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses, as well as a copy of all documents that the disclosing party may use to support its claims or defenses.  These disclosures, referred to as "initial disclosures," must be made without specific request and early in the litigation (within 30 days of a Rule 26(f) conference).   In addition, pursuant to Rules 26(b)(1), 30, 33 and 34, parties may obtain disclosure via requests for the production of documents, interrogatories and depositions (as well as by other means) throughout the discovery period.  Rule 26(a)(3) further provides that parties must make additional pre-trial disclosures of various information at least 30 days before trial unless otherwise directed by the court.

Rule 16(b) of the Federal Rules of Civil Procedure provides that the court shall enter a scheduling order limiting the time, *inter alia*, to complete discovery.  The rule further provides that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge."  In addition, Fed. R. Civ. P. 6(b) provides that when an order of the court requires an act to be done at or within a certain time, the court "(1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permits the act to be done where the failure to act was the result of excusable neglect...."  Along these lines, Rule 26.1(B) of the Uniform Local Rules of the United States District Court for the Southern District of Mississippi provides that  "[a] firm

---

in have time to rule on the Motions to Strike.

discovery deadline[4]...will be set by the judicial officer entering the case management order" and

that consent of the court is required in order to extend this cut-off date.

Fed. R. Civ. P. 26(e) provides that parties are a under a duty to supplement their

disclosures or discovery responses where they learn that a prior response was incomplete or

incorrect and the additional corrective information was not otherwise known to the other parties

during the discovery process.  And Rule 26.1(A) (5) of the Local Rules provides: "A party is

under a duty to supplement disclosures at appropriate intervals pursuant to Fed. R. Civ. P. 26(e)

*and in no event later than the discovery cut-off established by the scheduling order*." (Emphasis

added)

With respect to the fifteen individuals newly disclosed on the Second Supplemental

Disclosure, plaintiff argues that these names "should come as no surprise to defendants, who, it is

suggested, had a duty to disclose them initially or supplementally."[5]  However, that is not the

point.  Plaintiff was under a duty to timely disclose the names of all individuals likely to have

discoverable information that it would use to support its claims.  Plaintiff did not do so, and did

not seek an extension of time within which to make these disclosures.  Plaintiff also argues that

---

[4] This deadline "is the date by which all responses to written discovery shall be due...and by which all depositions shall be concluded."  Uniform Rule 26.1(B)(1).

[5]  Actually, plaintiff argues that all but one of these individuals (Eugene Armstrong) was identified in the RA logs produced by defendants to plaintiff on or about November 2, 2006. This argument does not help plaintiff, however, as it demonstrates that these individuals were identified to plaintiff in these documents but plaintiff simply failed to review these documents until after the discovery period had ended.  With respect to Eugene Armstrong, plaintiff argues that he was previously disclosed by plaintiff only as "Eugene LNU," and that plaintiff only recently discovered his full identity the first weekend of December upon re-interviewing Samuel Raiford.  However, the court cannot find a "Eugene Armstrong" listed on the Second Supplemental Disclosure and therefore does not address this argument.

these individuals (except for an individual by the name of Eugene Armstrong) were identified in

the RA logs produced by defendants to plaintiff on or about November 2, 2006.  This does not

constitute excusable neglect nor does it constitute an appropriate supplementation of disclosure

under the federal or local rules and therefore these individuals' names should be stricken.

With respect to the tax documents referenced in the Second Supplemental Disclosure (but

not actually produced yet), plaintiff contends that he mistakenly thought that plaintiff had

furnished a release for these items.  However, this is irrelevant because, as defendants point out,

if plaintiff had intended to rely on these documents to support his claims he would have the duty

to disclose them pursuant to Fed. R. Civ. P. 26.  (Plaintiff would otherwise only have the duty to

disclose them pursuant to a document request propounded by defendants).  Plaintiff further

asserts that plaintiff's two tax preparers in New Orleans were flooded so he could not obtain

returns from them, and that "preliminary arrangements" have been made to request plaintiff's

other returns from a special unit set up to assist people who lost their records in Hurricane

Katrina.  During the December 1, 2006 depositions, plaintiff's counsel disclosed that he had not

ever requested his client's tax returns from the IRS.  The only tax return ever produced to

defendants was for 2002 (and this was hand-delivered to counsel on or about December 1, 2006).

The court does not find that plaintiff has demonstrated excusable neglect or that he has been

diligently attempting to obtain the 1998-2001 tax returns listed in his Second Supplemental

Disclosure, and accordingly, such documents (to the extent ever actually obtained by plaintiff)

should be stricken.

With respect to the medical records from Dr. Brent, plaintiff argues that he signed a

medical release on or about August 15, 2006 which was received by defendants, and that he

assumed that would have defendants acted on the release in obtaining his medical records. As

with the tax records, this point is irrelevant because if plaintiff wanted to use these medical

records to support his claims he was obligated to produce them to defendants under Rule 26.

Defendants had no obligation to obtain the medical records. Indeed, throughout the discovery

period, plaintiff was repeatedly advised of his duty to procure, disclose and produce the medical

records in his or any third party's possession upon which he intended to base his claims.

However, plaintiff did not produce any medical records during the discovery period but waited

until the very last minute - November 27, 2006 - to request the medical records from Dr. Brent's

office, and those documents unfortunately arrived after the discovery period had ended.[6]  As

defendants argue, they now have no time within which to arrange for additional depositions or

discovery requests, in light of these new medical records. Accordingly, these medical records

should be stricken.

Finally, the court will address the affidavits. As part of his Supplemental Responses to

Requests for Production, plaintiff submitted four affidavits from three individuals - one from

Anthony Jackson, signed on December 4, 2006, one from Louis McClendon, signed on

December 5, 2006, and two from Samuel Raiford, one signed October 12, 2006 and the other

signed December 2, 2006. These affidavits were intended to supplement plaintiff's response to

Request Number 4 in defendants' Supplemental Request for Production (for documents relating

to a "reign of terror"). Plaintiff's explanation is that party and key witness depositions were set

---

[6] Plaintiff contends that he arranged to have the documents overnighted for delivery on December 1, but that despite daily telephone follow-up, they were not mailed until December 1. Plaintiff ran the risk that these documents would be untimely when he waited until the very end of the discovery period to arrange for their production. The court does not find this to be excusable neglect.

on the only two days available - the last two days of the discovery period, November 30 and

December 1, 2006 and that it was "more economical" to take these statements once, after the

depositions had concluded, so that the statements and the deposition testimony could be cross-

checked.  However, the court does not find that plaintiff needs an explanation for why these

documents were produced after the discovery cut-off, because the court finds that they are not

subject to the cut-off.  Rule 26 requires that a party produce documents in its possession that it

may use to support its claims.  However, the affidavits at issue did not exist during the discovery

period,[7] and there is no requirement that a party create documents to respond to document

requests.  Accordingly, the court does not find that the affidavits are untimely, as there has been

no obligation to produce them yet.  (The only timing requirement would be in submitting the

affidavits in opposition to the Motion for Summary Judgment).

The crucial question with respect to these affidavits is whether the identities of the

affiants were disclosed to defendants in a timely manner, so that they could have had the

opportunity to depose them or conduct additional discovery with respect to them.   Plaintiff

contends that Samuel Raiford and Anthony Jackson were disclosed on a witness list he filed with

the court on June 14, 2004.  Defendants assert that they were not served with the Complaint in

this action until late March 2006, that they were not served with this witness list at any time, and

that they were unaware of its existence.  The court has checked the docket and has reviewed the

witness list filed by plaintiff on June 14, 2004.  Samuel Raiford is listed, and is described as

having been "next to plaintiff at the time of the incident."  The court finds that although this is

---

[7] The exception is the October 2006 Samuel Raiford affidavit, which was originally listed on plaintiff's RA log as being privileged but for which plaintiff has subsequently waived the privilege and produced to defendants.

obviously not the ideal way to comply with a party's disclosure obligations under Rule 26, it would be unduly harsh to strike this witness when he is identified on a witness list filed with the court (and which defendants could have easily obtained had they thoroughly checked the docket). Accordingly, Samuel Raiford's affidavits will not be stricken.[8]  With respect to Anthony Jackson, he is identified on the witness list merely as Jackson, "Ant".  No other identifying information is provided, and at no later time (before the close of discovery) did plaintiff supplement this witness list to clarify his identity.  Accordingly, the court finds it appropriate to strike Anthony Jackson's affidavit.

Finally, with respect to Louis McClendon, his name was not included on the June 14, 2004 witness list, but it was disclosed by plaintiff to defendants on November 26, 2006 in his Supplemental Disclosures.  Although the court is sensitive to defendants' argument that they will be prejudiced by allowing this witness and his statement to be used by plaintiff, Mr. McClendon's identity was disclosed by plaintiff prior to the close of discovery and with enough time (albeit a very short period of time) within which the defendants could have conducted additional discovery.  Accordingly, the court will not strike Louis McClendon's affidavit.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendants' Motion to Strike Affidavits is granted in part with respect to Anthony Jackson's affidavit, and denied with respect to  Samuel Raiford's and Louis McClendon's affidavits.

IT IS FURTHER ORDERED AND ADJUDGED that defendant's Motion to Strike

---

[8] Defendants also make hearsay objections to the Raiford and McClendon affidavits. These objections cannot be resolved by the court until plaintiff responds to the Motion for Summary Judgment so that the court knows for what purposes the various statements are being offered by plaintiff.

Discovery is granted.  Plaintiff's Supplemental Answers and Objections to Defendants'

Supplemental Interrogatories is hereby stricken, plaintiff's Second Supplemental Disclosure is

hereby stricken and plaintiff's Supplemental Responses and Objections to Defendants'

Supplemental Requests for Production is hereby stricken, with the exception of the Samuel

Raiford and Louis McClendon affidavits.

SO ORDERED and ADJUDGED on this, the 5th day of January, 2007.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE